## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BROOKE DANYEL MILLER, | : | NO. 4:23-CV-02053 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | (CAMONI, M.J.) |
| FRANK BISIGNANO,[1] | : | |
| *Commissioner of Social Security*, | : | |
| Defendant. | : | |

## <u>MEMORANDUM OPINION</u>

This is an action brought under 42 U.S.C. § 1383(c)(3), seeking judicial review of the final decision of the Commissioner of Social Security denying Plaintiff Brooke Miller's claims for disability and supplemental security income benefits under Title II and XVI of the Social Security Act. The Court has jurisdiction to review this matter pursuant to 42 U.S.C. § 1383(c)(3) (incorporating 42 U.S.C. § 405(g) by reference). For the reasons stated herein, the Court affirms the decision of the Commissioner.

---

[1] Frank Bisignano became the Commissioner of Social Security on May 7, 2025. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Frank Bisignano should be substituted as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

## I.    BACKGROUND

### A.    Procedural History

On December 2, 2021, Miller applied for disability benefits under Title II of the Social Security Act ("the Act"). Transcript, Doc. 7-3 at 2. A month later, Miller applied for supplemental security income under Title XVI of the Act. Doc. 7-5 at 4. The Social Security Administration denied Miller's claims (Doc. 7-3 at 7, 33), so Miller requested a hearing before an Administrative Law Judge ("ALJ"). Doc. 7-4 at 28. Following the hearing, the ALJ determined that Miller is not disabled. Doc. 7-2 at 30. Miller appealed, exhausting the administrative remedies. Complaint, Doc. 1 ¶ 13; Doc. 7-4 at 10, 28, 93. The ALJ's decision, therefore, became final. 42 U.S.C. § 405(g). Pending before this Court is Miller's action seeking judicial review of the Commissioner's decision. Doc. 1.

### B.    The Disability Determination Process

To receive disability benefits under the Social Security Act ("Act"), a claimant must be unable to "engage in any substantial gainful activity by reason of any medically determinable . . . impairment which can . . . result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

Under the Act, a claimant is disabled "only if his . . . impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." § 423(d)(2)(A). An impairment is one that "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." § 423(d)(3).

Social Security regulations provide a "five-step sequential evaluation process" to determine if a claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(1). The claimant bears the burden of persuasion through step four, while at step five, the burden shifts to the Secretary to show that the claimant can perform substantial gainful employment other than the claimant's past relevant work. *Williams v. Sullivan*, 970 F.2d 1178, 1181 (3d Cir. 1992) (citing *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987)).

At the first step, the claimant must establish that he has not engaged in substantial gainful activity since the onset of the alleged disability. *See* §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). At the second step,

claimant must establish that he suffers from a "severe medically determinable . . . impairment that meets the duration requirement . . . ("impairment . . . must have lasted or must be expected to last for a continuous period of at least 12 months")." §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). At the third step, the claimant must provide evidence that his impairment "meets or equals one of our listings in appendix 1." §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the claimant demonstrates his impairments meet those listings, he is considered to be disabled. *See id.*; §§ 404.1520(d), 416.920(d). If he cannot establish severity of impairment at the third step, the eligibility analysis proceeds to step four in which the ALJ determines whether the claimant's residual functional capacity ("RFC") allows the claimant to continue his previous employment. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). RFC "is the most [a claimant] can still do despite" impairments. § 404.1545(a)(1). To prevail on step four, claimant's "impairment(s) must prevent [him] from doing . . . past relevant work." §§ 404.1520(f), 416.920(f). At the fifth step, the Commissioner bears the burden to demonstrate that the claimant's RFC and his "age, education, and work experience . . . [allows] adjustment to other work." §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the Commissioner

cannot satisfy this burden, the claimant's claim is granted. *See* §§ 404.1520(g), 416.920(g).

### C.    The ALJ's Decision

Here, the ALJ determined that Miller "has not been under a disability, as defined in the Social Security Act, from November 1, 2021, through the date of this decision." Doc. 7-2 at 30. The ALJ reached this conclusion after proceeding through the five-step sequential analysis required by the Social Security Act. §§ 404.1520(a)(4)(i)– (v), 416.920(a)(4)(i)–(v); *see* Doc. 7-2 at 20–30.

At step one, the ALJ determined that Miller "has not engaged in substantial gainful activity since November 1, 2021, the alleged onset date." Doc. 7-2 at 20. At step two, the ALJ found Miller has the following severe impairments: (1) generalized anxiety disorder; (2) personality disorder; (3) major depressive disorder; (4) mood disorder; and (5) substance use disorder. *Id.* At step three, the ALJ determined that none of Miller's impairments, considered individually or in combination, met or equaled the listed impairments in 20 C.F.R. part 404, subpart P, appendix 1. *Id.* at 21

Between steps three and four, the ALJ found that Miller has the RFC to perform a full range of work at all exertional levels but with the following non-exertional limitations: work with few, if any, workplace changes and only occasional interaction with coworkers and the public. *Id.* at 23. At step four, the ALJ determined that Miller is unable to perform any past relevant work as "it was actually performed by the claimant or as it is generally performed in the national economy given the claimant's [RFC]." *Id.* at 29.

At the fifth and final step, the ALJ denied Miller's disability claims because, after considering her "age, education, work experience, and [RFC], there are jobs that exist in significant numbers in the national economy that the claimant can perform." *Id.* at 29–30.

### D.   Issues on Appeal

Miller raises two issues on appeal:

(1)    Whether the [ALJ] erred and abused his discretion by failing to consider the limitations in Plaintiff's residual functional capacity from those impairments that the [ALJ] considered to be severe . . . .

(2)    Whether the [ALJ] erred and abused his discretion in failing to afford proper weight to opinions and limitations from Plaintiff's treating source for mental-health, Nicki L. Plummer, as compared to the opinions from State Agency Consultants

Pl.'s Br., Doc. 10 at 1–2. In essence, Miller argues that the ALJ failed: (1) to properly assess Miller's RFC; and (2) to consider the treating source's medical opinion. *See id.* at 11, 19. The case is fully briefed (Docs. 10, 14) and ready for resolution. The parties consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case, pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, including the entry of final judgment. Consent Form, Doc. 5. The Court, adhering to the deferential standard of review outlined below, will affirm the decision of the Commissioner.

## II.  <u>LEGAL STANDARD</u>

In reviewing the Commissioner's final decision denying a claimant's application for benefits, the Court is limited to determining whether the findings of the final decision-maker are supported by substantial evidence in the record. *See* 42 U.S.C. § 1383(c)(3) (incorporating 42 U.S.C. § 405(g) by reference); *Johnson v. Comm'r of Soc. Sec.*, 529 F.3d 198, 200 (3d Cir. 2008); *Ficca v. Astrue*, 901 F. Supp. 2d 533, 536 (M.D. Pa. 2012). Under the substantial-evidence standard, a court examines an existing administrative record and asks whether it contains sufficient evidence to support the agency's factual determinations. *Biestek v.*

*Berryhill*, 587 U.S. 97, 102 (2019). Substantial evidence does not mean a large or considerable amount of evidence, but rather "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 103; *see also Pierce v. Underwood*, 487 U.S. 552, 565 (1988). Substantial evidence is less than a preponderance of the evidence but more than a mere scintilla. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). A single piece of evidence is not substantial evidence if the ALJ ignores countervailing evidence or fails to resolve a conflict created by the evidence. *Mason v. Shalala*, 994 F.2d 1058, 1064 (3d Cir. 1993). In an adequately developed factual record, however, substantial evidence may be "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ's decision] from being supported by substantial evidence." *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966). "In determining if the Commissioner's decision is supported by substantial evidence the court must scrutinize the record as a whole." *Leslie v. Barnhart*, 304 F. Supp. 2d 623, 627 (M.D. Pa. 2003). In reviewing the record for substantial evidence, "[n]either the district court nor [the Third Circuit] is empowered to weigh the evidence or substitute its conclusions

for those of the fact-finder." *Williams*, 970 F.2d at 1182. To reverse the ALJ's findings and decision, the Court "must find that the evidence not only supports [a contrary] conclusion but compels it." *Immigr. & Naturalization Serv. v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992).

The question before the Court, therefore, is not whether Miller is disabled, but whether the Commissioner's finding that Miller is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law. *See Arnold v. Colvin*, No. 12-2417, 2014 WL 940205, at *1 (M.D. Pa. Mar. 11, 2014) ("[I]t has been held that an ALJ's errors of law denote a lack of substantial evidence."); *Burton v. Schweiker*, 512 F. Supp. 913, 914 (W.D. Pa. 1981) ("The [Commissioner]'s determination as to the status of a claim requires the correct application of the law to the facts."); *see also Wright v. Sullivan*, 900 F.2d 675, 678 (3d Cir. 1990) (noting that the scope of review on legal matters is plenary); *Ficca*, 901 F. Supp. 2d at 536 ("[T]he court has plenary review of all legal issues decided by the Commissioner."). In determining that question, the Court must evaluate whether the ALJ's decision meets the burden of articulation necessary to enable judicial review; that is, the ALJ must articulate the reasons for

his decision beyond stating bare conclusions. *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 119 (3d Cir. 2000).

## III.  <u>DISCUSSION</u>

Miller filed for disability and supplemental security income benefits in 2021 and 2022, after the March 27, 2017, amendment to the regulations, which brought about "a paradigm shift in the manner in which medical opinions were evaluated when assessing Social Security claims." *Mercado v. Kijakazi*, 629 F. Supp. 3d 260, 279–80 (M.D. Pa. 2022). The Court explains the post-March 2017 governing regulation applicable to Miller's case before turning to the legal issues.

### A.    Legal Benchmarks for the ALJ's Assessment of Medical Opinions under 20 C.F.R. §§  404.1520c, 416.920c

"Prior to March 2017, ALJs were required to follow regulations which defined medical opinions narrowly and created a hierarchy of medical source opinions with treating sources at the apex of this hierarchy." *Id.* However, in March of 2017, the Commissioner's regulations governing medical opinions changed in several fundamental ways. *See* 20 C.F.R. §§ 404.1520c, 416.920c. "The range of opinions that ALJs were enjoined to consider were broadened substantially, and the

approach to evaluating opinions was changed from a hierarchical form of review to a more holistic analysis." *Mercado*, 629 F. Supp. 3d at 280.

Under the current regulations, the Social Security Administration "will not defer or give any specific evidentiary weight, . . . to any medical opinion(s) or prior administrative medical finding(s), including those from [a claimant's] medical sources." §§ 404.1520c(a), 416.920c(a). Instead, the new regulations require an ALJ to determine and "articulate . . . how persuasive" a medical opinion is based on several factors: supportability, consistency, relationship with the claimant, specialization, and other factors tending to support or contradict a medical opinion. §§ 404.1520c(b), (c)(1)–(5); §§ 416.920c(b), (c)(1)–(5). The regulations provide that the "most important factors" when an ALJ considers "the persuasiveness of medical opinions and prior administrative medical findings are supportability . . . and consistency." §§ 404.1520c(a), 416.920c(a). Because of the importance of those factors in determining persuasiveness, the ALJ must explain the considerations for "supportability and consistency factors for a medical source's medical opinions or prior administrative medical findings in [a claimant's] determination or decision." §§ 404.1520c(b)(2), 416.920c(b)(2). "[A]n ALJ

must consider, but need not explicitly discuss, the three remaining factors in determining the persuasiveness of a medical source's opinion." *Mercado*, 629 F. Supp. 3d at 280, citing *Id.* Further, the ALJ is "not required to articulate how [the ALJ] considered each medical opinion or prior administrative medical finding from one medical source individually." §§ 404.1520c(b)(1), 416.920c(b)(1).

### B.    Substantial evidence supports the ALJ's assessment of the medical opinions.

#### 1.    *Medical opinion of Nikki Plummer, M.S.*

Miller argues that the ALJ did not "afford proper weight to the limitations, opinions and statements . . . in the medical record from Nikki L. Plummer, Claimant's treating source . . . ." Doc. 10 at 22. Specifically, Miller asserts that the ALJ:

> failed to properly analyze of [*sic*] consider the following findings/limitations . . . : (1) Claimant has marked limitations interacting with others, (2) Claimant has a marked limitations [*sic*] in being able to sustain an ordinary routine and regular attendance at work, (3) Claimant would be off task at least 20% of the day, and (4) Claimant would miss work more than one day per month.[2]

---

[2] Miller argues the ALJ erred by not considering the proffered limitation from her treating provider that she "would miss more than one day per month." But her provider suggested that Miller would "miss ten days of work per month," not one; a substantial difference. Docs. 27-2 at 27; 7-8 at 192. Miller never explains why her brief repeatedly characterizes the

*Id.* at 23.

First, as Miller is aware,[3] under the post-March 27, 2017, the Social Security Administration "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [Miller's] medical sources." §§ 404.1520c(a), 416.920c(a). The ALJ, therefore, must not give greater weight to Ms. Plummer's medical opinion, just because Ms. Plummer is a "treating source." Doc. 10 at 22.

Second, the ALJ's evaluation of Ms. Plummer's medical opinion is supported by substantial evidence. The ALJ found Ms. Plummer's opinion unpersuasive because it is inconsistent with Miller's medical records. Doc. 7-2 at 27. The ALJ examined medical records spanning nearly two years from Miller's alleged onset date of disability (Doc. 1 ¶ 6 (November 1, 2021)), to conclude that "Ms. Plummer's opinion is not consistent with the claimant's records on a longitudinal basis." Doc. 7-2 at 27; *id.* at 25–26 (evaluating medical records from November 2021 to

---

limitation so differently from what her provider suggested and the ALJ considered, but the ALJ undoubtedly did consider the limitation as it was actually postulated by the provider.

[3] In her brief, Miller cites to the post-March 27, 2017, regulation under 20 C.F.R. § 404.1520c. Doc. 10 at 20.

August 2023). Thus, the ALJ's consistency analysis is sufficient. *See Zaborowski v. Comm'r of Soc. Sec.*, 115 F.4th 637, 639–40 (3d Cir. 2024) (finding an ALJ's articulation sufficient as to the opinions of psychologists where the ALJ explained how the opinions "fit with other evidence").

The ALJ evaluated Miller's medical records, which established that Miller reported "a stable mood . . . and energy," denied experiencing "unusual anxiety," and improved "her depression . . . [with] documented mental status examination findings of normal behavior, normal thought content, normal judgment, . . . , a logical thought content, . . . cooperative behavior, . . . good judgment." Against these findings, the ALJ found Ms. Plummer's opinions that Miller's impairments would "substantially interfere with  her ability to work on a regular basis at least twenty percent of the time; and the claimant would miss ten days of work a month," inconsistent and thus unpersuasive. Doc. 7-2 at 27, citing to Exs. 12F, 14F, 15F, and 16F.

The Court concludes that the ALJ's assessment of Ms. Plummer's medical opinion met the burden of articulation and is supported by substantial evidence. *See Burnett*, 220 F.3d at 119.

### 2. *Medical opinion of state agency consultants*

Miller also argues that: (1) "the State Agency Consultants were not in as good a position [*sic*] to offer opinions . . . due to their lack of examination of Claimant[;]" and (2) "rendered their opinions without many of the documents entered into evidence." Doc. 10 at 24.

Precedent from the Court of Appeals for the Third Circuit invalidates Miller's first point. In *Chandler v. Commissioner of Social Security*, the Third Circuit held that an ALJ did not err in giving significant weight to a state agent's opinion. 667 F.3d 356, 361–62. Despite operating under the pre-March 27, 2017, paradigm (20 C.F.R. § 404.1527), the Court held that, "State agent opinions merit significant consideration as well." *Id.* (citing SSR 96-6p, 1996 WL 374180, at *2 (1996) ("Because State agency medical and psychological consultants . . . are experts in the Social Security disability programs, . . . 20 C.F.R. §§ 404.1527(f) and 416.927(f) require [ALJs] . . . to consider their findings of fact about the nature and severity of an individual's impairment(s). . . .")).[4]

---

[4] The post-March 27, 2017, regulation also defeats Miller's argument because it requires the ALJ to "not defer or give any specific evidentiary weight . . . to any medical opinion(s) or prior administrative medical

Miller's second argument also fails. Although Miller asserts that the state agency consultants "rendered their opinions without many of the documents entered into evidence," Miller provides no citations to the "many . . . documents" the consultants allegedly failed to consider. It is incumbent on Miller to "comb the record and point the Court to the facts that support [her] arguments." *United States v. Claxton*, 766 F.3d 280, 307 (3d Cir. 2014) (noting that judges should not be "hunting for truffles buried in the record") (citation modified).

Even if Miller could point to some evidence in her favor, the Court is powerless to reweigh the evidence or "substitute its conclusions for those of the fact-finder." *Williams*, 970 F.2d at 1182. Here, the ALJ amply explained that the opinions of the second state agency psychological consultant are consistent with the claimant's medical records, making the requisite comparisons. *See* Doc. 7-2 at 27.

---

finding(s) . . . ." §§ 404.1520c(a), 416.920c(a). The regulation prevents not only assigning greater but also lesser weight to any particular medical opinion. The ALJ, therefore, must equally refrain from giving special weight to a treating source's opinion and discounting a state agency consultant's opinion.

Notably, while Miller attacks the ALJ's assessment of the "State Agency Consultants," plural, the ALJ actually rejected the opinions of the first consultant, who submitted a review on May 27, 2022. Doc. 27-2 at 26. That first consultant indicated that Miller had no limitations at all stemming from her psychiatric conditions, an opinion that the ALJ found conflicted with Miller's medical records and was not persuasive. *Id.* Miller fails to acknowledge this nuanced analysis in her favor by the ALJ and erroneously asserts that the ALJ "assigned persuasive weight" to both consultants' opinions. Doc. 10 at 23-24. Not true.

Thus, the Court finds the ALJ's assessments of the medical opinions are supported by substantial evidence.

## C. Substantial evidence supports the ALJ's RFC assessment.

Miller also argues that the ALJ failed to consider the limitations in her RFC from those impairments that the ALJ considered to be severe. Doc. 10 at 11. Miller asserts that "there are a number of limitations that Claimant testified to, which were confirmed by treating sources and medical records, which the ALJ does not even take into consideration in setting forth Claimant's RFC." Doc. 10 at 8. Specifically, Miller maintains that "the ALJ includes no limitation concerning [Miller] being off task,

the need for unscheduled breaks, or expected absenteeism." Doc. 10 at 16.

Miller mischaracterizes the ALJ's RFC assessment. The ALJ started his RFC assessment by addressing the "number of limitations that [Miller] testified to[.]" *Id.* at 8; Doc. 7-2 at 24. The ALJ articulated that:

> The claimant testified that she takes extra medication for her anxiety every day due to experiencing bad anxiety attacks. She struggles to initiate tasks and complete them unless she is told what do regularly due to a lack of focus. She struggles with fatigue and getting up in the morning. She sleeps thirteen to fourteen hours a day due to experiencing disturbing dreams and intrusive thoughts about self-harm and depression. She experiences panic attacks that last about one-half hour to one hour three days a week. She needs to be reminded to shower five days a week. She experiences anger outbursts every few months and she experiences major anxiety in public.
>
> The claimant also testified that she experienced a lot of stress and anxiety to get up and go to work and her use of alcohol is sometimes triggered by becoming overwhelmed with daily living. During an average day, she sometimes helps with her dogs after getting up, she takes a nap, reads, and then sleeps until the next day. She does chores at her own pace. She would miss work two days a week, she was fired from a job for stealing money, and she was fired from a job for not completing her routes timely.

*Id.* The ALJ undoubtedly considered Miller's testimony and her self-reported limitations. But the ALJ found those limitations "not

entirely consistent with the medical evidence and other evidence in the record." *Id.* The ALJ reasoned that "the claimant's medical records contain substantial evidence that is not consistent with the claimant's allegations pertaining to the claimant's mental impairments," analyzing in detail nearly two years' worth of medical records since Miller's onset of disability. *Id.* at 25. Accordingly, substantial evidence supports the ALJ's RFC assessment. *See Davis v. Comm'r of Soc. Sec.*, 240 F. App'x 957, 960–61 (3d Cir. 2007) (finding that substantial evidence supports an ALJ's RFC determination because a plaintiff's claimed limitation was inconsistent with the medical evidence); *Garret v. Comm'r of Soc. Sec.*, 274 F. App'x 159, 164 (3d Cir. 2008) (affirming an ALJ's RFC assessment where a plaintiff's medical records and conservative treatment failed to substantiate claimed impairments); *Sanchez v. Bisignano*, No. 24-1627, 2025 U.S. Dist. LEXIS 193285, at *19 (M.D. Pa. Sept. 30, 2025) (concluding that the ALJ properly assessed a plaintiff's self-reported symptoms as not entirely consistent with the medical evidence).

The Court finds that "a reasonable mind would accept as adequate to support [the ALJ's] conclusion" that Miller's proffered mental health

limitations were inconsistent with the record evidence. *Berryhill*, 587 U.S. at 102.

## IV.   <u>**CONCLUSION**</u>

Accordingly, the Commissioner's decision is **AFFIRMED**.

An appropriate order follows.

Date: November 26, 2025                    <u>s/*Sean A. Camoni*</u>
                                            Sean A. Camoni
                                            United States Magistrate Judge